NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA NURSES ASSOCIATION, ) | CASE NO.  CV 15-3358-R |
| ) | |
| Plaintiff, ) | ORDER DENYING PLAINTIFF'S EX |
| ) | PARTE APPLICATION FOR |
| v.  ) | TEMPORARY RESTRAINING ORDER |
| ) | AND ORDER TO SHOW CAUSE RE: |
| OLYMPIA HEALTHCARE, LLC, D/B/A ) | PRELIMINARY INJUNCTION |
| OLYMPIA MEDICAL CENTER, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |
| ) | |
| ) | |

Before the Court is Plaintiff's Ex Parte Application for Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65, which was filed on May 5, 2015.

On March 6, 2015, Defendant, Olympia Medical Center, notified Plaintiff, California Nurses Association, of its intention to terminate all 12-hour shifts throughout the hospital and move all nurses to eight-hour shifts, effective on May 10, 2015.  On April 2, 2015, Plaintiff

filed a Step Two grievance to protest the changes, and then moved the grievance to arbitration on May 1, 2015.  Plaintiff is now moving for a temporary restraining order enjoining Defendant from implementing the new schedule as planned.

The factors considered for issuing a temporary restraining order are the same as the standards for issuing a preliminary injunction.  *Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008).  "A preliminary injunction is an extraordinary remedy never awarded as of right."  *Winter v. NRDC*, 555 U.S. 7, 24 (2008).  "A court may grant a preliminary injunction only if the plaintiff establishes four elements: (1) likelihood of success on the merits; (2) likelihood of suffering irreparable harm absent a preliminary injunction; (3) the balance of equities tips in plaintiff's favor; and (4) injunctive relief is in the public interest."  *Alliance for Wild Rockies v. Cottrell*, 622 F.3d 1045, 1049 (9th Cir. 2010).  An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief.  *Winter*, 555 U.S. at 22.

Here, Plaintiff has failed to establish a likelihood of success on the merits.  Plaintiff argues that its collective bargaining agreement ("CBA") with Defendant protects the 12-hour shift as a contractual standard, and that Defendant lacks the authority under the CBA to unilaterally discontinue 12-hour shifts.  However, Article 21 of the CBA makes clear that Defendant retains the rights, powers, and authority to "establish work standards and schedules of operations" and "to determine working hours, shift assignments, and days off…" (Dkt. No. 5, Ex. 1).  Plaintiff's interpretation of the CBA is inconsistent with the plain meaning of the agreement.

Furthermore, Plaintiff has failed to establish a likelihood of irreparable harm absent a preliminary injunction.  Plaintiff argues that if the scheduled changes take effect, nurses will have to make substantial and difficult changes to their lives that no arbitrator could ever correct or restore.  However, Plaintiff's argument is unconvincing.  Even if changing work schedules were to create harm, losing a preferred work schedule does not constitute irreparable harm for purposes of obtaining a preliminary injunction.  In the event Plaintiff prevails at arbitration, the arbitrator can reinstate the 12-hour shifts and restore the parties to their previous schedules.

/ / / / /

/ / / / /

1    **IT IS HEREBY ORDERED** that Plaintiff's Ex Parte Application for Temporary
2    Restraining Order and Order to Show Cause re: Preliminary Injunction is DENIED.  (Dkt. No. 8)
3    Dated: May 8,  2015.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE